## KOEPPEL v. KOEPPEL et al.

### (Supreme Court, Appellate Term.   January 17, 1906.)

1. NEW TRIAL—MOTION FOR—WHAT CONSTITUTES.

Where defendants' present attorneys, supposing that a motion for a new trial had been made, caused an order denying such motion to be entered, the entry of the order could not be considered as the making of a motion.

2. SAME—COURT HAVING POWER TO GRANT—SPECIAL TERM.

A motion for a new trial cannot be heard and determined by a justice of the city court sitting as a trial justice in the case, but must be made at special term.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 234–236.]

Appeal from City Court of New York.

Action by Fishel Koeppel against Mendel Koeppel and another. From an order setting aside a verdict and granting a new trial, plaintiff appeals.   Reversed.

See 95 N. Y. Supp. 812.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Abraham B. Schleimer (Max Schleimer, of counsel), for appellant. Steuer & Hoffman, for respondents.

DOWLING, J.   This is an appeal from an order of the City Court of the city of New York setting aside a verdict of a jury and granting a new trial.   An order to show cause was obtained, which recites:

"On the annexed affidavits and papers, upon the case and exceptions of the defendants as settled, upon all other papers and proceedings had herein, upon the order as entered denying the defendants' motion for a new trial.   Let the plaintiff or his attorney show cause before me, as one of the justices of this court, and as the trial justice herein, at private chambers thereof, at the Courthouse, No. 32 Chambers street, in the city of New York, borough of Manhattan, on the 13th day of May, 1905, at 10:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, why an order should not be made herein granting to the defendants a reargument of the application heretofore made for an order setting aside the verdict of the jury and granting to the defendants a new trial of this action upon the judge's minutes, and upon the exceptions taken on behalf of the defendants during the trial of this action, or that an order be made and entered herein granting to the defendants a new trial of this action upon the ground of mistake, inadvertence, surprise and excusable neglect; also because of the newly discovered evidence referred to in the annexed affidavits, and the perjured testimony given by and on behalf of the plaintiff, and why the judgment as entered herein should not be vacated and set aside, and why these defendants should not have such other and further relief as to this court may seem just and proper."

It will be observed that this order is returnable before "me, as one of the justices of this court, and as the trial justice herein."   The order entered and appealed from recites that:   "At a term of the City Court held," etc.   It would seem, from a reading of the grounds for relief set forth in the order to show cause, that the defendants were somewhat uncertain as to what relief they were really entitled:

97 N.Y.S.—26

to, if any, and therefore based their application upon every ground conceivable to them. It is conceded that no motion for a new trial had been "heretofore made," as stated in the order to show cause, and therefore no "reargument" of such motion could be asked for. It is true that the defendants' present attorneys, supposing that such a motion had been made, caused an order to be entered denying such a motion; but the entry of that order cannot be considered as the making of a motion. This motion therefore should have been made at a Special Term of the City Court, and the justice sitting as a trial justice in the case had no authority to hear and determine the same. Katz et al. v. Atfield (City Ct. N. Y.) 17 N. Y. Supp. 447.

Order reversed, with costs and disbursements. All concur.